**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5087**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PANAGOITIS SKORDALOS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.    Richard D. Bennett, District Judge. (1:06-cr-00107-RDB)

Submitted:  September 21, 2007      Decided:  October 16, 2007

Before MOTZ, KING, and GREGORY, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

W. Warren Hamel, VENABLE, LLP, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Gregory Welsh, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Panagoitis Skordalos appeals from his conviction and 180-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000).[*] Skordalos contends that his waiver of the right to appeal his sentence, which was included in his plea agreement, was not knowing and voluntary because he was not provided notice that the waiver covered imposition of the mandatory minimum sentence of fifteen years pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2000). Skordalos further asserts that the district court erred in determining that his prior convictions for resisting arrest and accessory after the fact to murder qualified as violent felonies for purposes of the ACCA. Finally, Skordalos claims that his trial counsel was ineffective in failing to adequately advise him on the likely application of the ACCA and the fifteen-year mandatory minimum sentence, and that counsel did not raise adequate objections at sentencing regarding his prior felony convictions. The Government has moved to dismiss the appeal on the ground that Skordalos validly waived his right to appeal. Upon review of the

---

[*]Following Skordalos' notice of appeal, the Government filed a motion to dismiss, asserting that in light of the appellate waiver agreed to by Skordalos as part of his plea agreement, there was no basis to challenge the sentence imposed. Upon review of Skordalos' notice of appeal, this court deferred action on the motion to dismiss, as Skordalos raised an ineffective assistance of counsel claim that was not foreclosed by the terms of the appellate waiver. See United States v. Skordalos, No. 06-5087 (4th Cir. Mar. 27, 2007) (unpublished).

record, we grant the motion to dismiss in part and dismiss the appeal of the district court's determination that Skordalos qualified as an armed career criminal. As for the remaining claims, we deny the motion to dismiss, but nonetheless affirm Skordalos' conviction and sentence.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990) (waiver upheld as voluntarily and intelligently made). Whether a defendant has waived his right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within the scope of that waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). The validity of a waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Id. at 732. This determination is based on the totality of the circumstances, including the adequacy of the plea colloquy and the experience and conduct of the defendant. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

Skordalos claims that the Government's motion to dismiss should be denied on the ground that his waiver of the right to appeal was not knowing or voluntary. Skordalos asserts that neither the plea agreement nor the Fed. R. Crim. P. 11 colloquy

adequately notified him that the waiver encompassed any appeal of the mandatory minimum sentence imposed pursuant to the ACCA or a "substantially increased sentence" based on his criminal history category. During the Rule 11 plea colloquy, the district court asked Skordalos if he understood the appellate rights he was surrendering. Skordalos conferred with his attorney and asked the court to repeat its explanation, and the court informed him that he had waived any right to appeal from a sentence within or below an advisory guideline range resulting from an adjusted base offense level of 30. Skordalos conferred with counsel a second time and told the court that he understood the waiver provision. The district court again went over the terms, and Skordalos stated that he understood. Both attorneys agreed with the court's explanation of the waiver.

Skordalos notes that the district court incorrectly used the term "criminal history" in place of "total offense level" at one point in explaining the waiver. However, this verbal mixup is not a ground for relief, especially in light of the fact that the district court accurately explained the waiver provision in the sentences immediately preceding and following its erroneous statement. While Skordalos claims that he had expressed uncertainty at the hearing as to the import of the waiver, the record reflects that he twice conferred with counsel on this issue and stated to the court that he understood the terms of the waiver.

Therefore, we find that the explanation of the appellate waiver was adequate.

Skordalos also claims that the district court's explanation of the appellate waiver did not apprise him of the impact his criminal history would have on his guidelines range or that the waiver also covered any determination as to his status as an armed career criminal and the resulting mandatory minimum. However, the district court addressed these issues during the hearing, informing Skordalos that "there is no agreement as to your criminal history," and detailing at length how his past criminal convictions could affect his sentence. Skordalos also stated that he had discussed the Sentencing Guidelines with his attorney and that he understood his criminal history would be a major factor in determining his sentence. The district court also addressed Skordalos' possible status as an armed career criminal, as well as the consequences of such a finding, at multiple points during the hearing.

Skordalos claims the district court should have explicitly informed him that the appellate waiver encompassed any appeal of the imposition of a mandatory minimum sentence, as the 180-month mandatory minimum cut off most of the lower guidelines range for offense level 30. With a criminal history category V, and in the absence of a statutory mandatory minimum, the guidelines range would be between 151 and 188 months. However, the terms of

the appellate waiver provided that Skordalos waived his right to appeal from any sentence within or below the guidelines range resulting from an offense level of 30. The district court also noted this point during the plea colloquy, reading the text of the relevant portion of the plea agreement to Skordalos and asking him if he understood, to which he replied in the affirmative. The district court also addressed, at length, the fact that Skordalos could be subject to a mandatory minimum sentence based on his criminal history.

While the district court did not explicitly state that the armed career criminal determination was covered by the appellate waiver, such specificity was not required, as the broad terms of the appellate waiver certainly took this matter into account. Skordalos was aware that he was facing a possible 180-month mandatory minimum sentence based on his criminal history, and that his appellate waiver barred any appeal from any sentence within a guidelines range resulting from an offense level of 30. Given Skordalos' offense level of 30, the guidelines range was 180 months - the mandatory minimum sentence for an armed career criminal - to 188 months. Skordalos was sentenced at the bottom of that range. To the extent that Skordalos' claim relates to the validity of his plea waiver, we affirm his conviction. See Attar, 38 F.3d at 733 n.2. To the extent Skordalos is actually challenging his sentence, rather than the voluntariness of his

plea, the appeal is barred by the waiver provision. Accordingly, the district court's determination that Skordalos' prior convictions for resisting arrest and accessory to murder after the fact qualified as violent felonies is not reviewable on appeal.

Skordalos' remaining claims relate to alleged ineffective assistance on the part of his trial counsel. A claim of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal, unless the record conclusively demonstrates ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (internal citations and quotations omitted). Such a claim cannot be fairly adjudicated on direct appeal where the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). There is no conclusive evidence in the record to support Skordalos' ineffective assistance claims. Therefore, Skordalos' claims should be raised as part of a § 2255 motion rather than on direct appeal.

Accordingly, we grant the Government's motion to dismiss Skordalos' appeal of his sentence, deny the Government's motion to dismiss Skordalos' appeal as to his challenges to the voluntariness of his appellate waiver and the effectiveness of his trial counsel, and affirm as to those claims. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
